## DELLA MANUEL v. STATE.

No. A-4800. Opinion Filed April 11, 1925.
Rehearing Denied April 27, 1925.
(235 Pac. 258.)

(Syllabus.)

1. **Appeal and Error—Verdict Warranted by State's Testimony not Disturbed.** A verdict on conflicting evidence and warranted by the testimony of the state, if believed, will not be disturbed on appeal.

2. **Intoxicating Liquors—Evidence Sustaining Conviction for Illegal Possession.** Evidence examined, and held sufficient to warrant conviction of defendant for illegal possession of intoxicating liquor.

Appeal from County Court, Muskogee County; W. W. Cotton, Judge.

Della Manuel was convicted of illegal possession of intoxicating liquors, and she appeals. Affirmed.

M. D. Hartsell, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charges that Della Manuel, on or about the 11th day of June, 1923, did have possession of certain fermented and malt and intoxicating liquor, "to wit, ten gallons of intoxicating beverage which contained more than one-half of one per cent. alcohol measured by volume" with the intention of selling the same. On the trial the jury returned a verdict finding the defendant guilty as charged in the information and leav-

ing the punishment to the court. Motion for new trial was duly filed and overruled. The judgment and sentence of the court was that defendant be confined for 60 days in the county jail and pay a fine of $100. From the judgment she appeals and assigns as error that the verdict is not supported by sufficient evidence.

The evidence shows that H. L. Watts, deputy sheriff, in company with J. P. Morgan and H. G. Hughes, deputy sheriffs, acting under authority of a regularly issued search warrant, searched the premises occupied by this defendant for intoxicating liquors. It apears that there were two houses on adjoining lots on Orchard street in Muskogee, owned by one Roy Tiller; one was an old house and the other a new one. About a week before the raid, the defendant had moved from the old house into the new one. There was a stove and table and other furniture still in the old house. The telephone had not been removed. The officers found a quart of Choctaw beer in the new house and found 40 quarts of Choc beer in the old house; it was agreed by and between the state and the defendant that the analysis made of the beverage contained 4.1 per cent. alcohol measured by volume.

J. P. Morgan testified that as he went in the front door the defendant poured some Choc into a slop jar; that two white fellows were sitting at a table drinking; that he took up their glasses and the pitcher which she had, all of which smelled of whisky.

Some evidence was offered tending to show that the reputation of the house was that as a place where people frequented to sell, buy, and drink intoxicating liquor.

At the close of the testimony for the state, the defendant moved for a directed verdict of acquittal on the ground that the evidence was insufficient to prove the offense charged in the form of a demurrer to the evidence which was overruled.

As a witness in her own behalf, the defendant testified that she was not occupying the old house when the officers made the raid, and that no one was living there. She denied that the officers found any beer in her house; she admitted that she owned the furniture in the old house.

It is the well-settled rule that a verdict on conflicting evidence and justified by the testimony of the state, if believed, will not be disturbed on appeal.

Several assignments of error are directed to the admission of alleged incompetent testimony. Without setting out the record as to the particular objections made and the rulings thereon, it is sufficient to say that we find no error therein.

Upon a careful examination of the record, our conclusion is against counsel's contention on all the assignments urged.

The judgment of the trial court is therefore affirmed.

BESSEY, P. J., and EDWARDS, J., concur.